UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY V. REMMERT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, THE, et al., <br><br> Defendants. | Case No.  22-mc-80103-JSC <br><br> **ORDER BARRING FILING OF COMPLAINT** |

Plaintiff Shirley Remmert seeks to file a complaint on her own behalf and on behalf of her daughter, Eva Al-Zaghari, against over 30 defendants including state and federal judges, state and county entities and officials, and others. (Dkt. No. 1.)  As threshold matter, Ms.  Remmert is not an attorney and may therefore not file a complaint on behalf of Ms. Al-Zaghari. N.D. Cal. Civil L.R. 3-9(a) ("Any party representing him or herself without an attorney must appear personally and may not delegate that duty to any other person who is not a member of the bar of this Court.").

Ms. Remmert is subject to pre-filing review by this Court as a consequence of an order declaring her a vexatious litigant, issued by former Chief Judge Marilyn Patel of this District. *See Al-Zaghari v. Al-Zaghari*, Case. No. 3:01-cv-02870 MHP, Dkt. Nos. 8 & 18; Case No. 3:05-mc80241 MHP, Dkt. No. 3. Judge Patel found, among other things, that Ms. Remmert had filed numerous frivolous cases involving complaints about the state court and its personnel and judges, matters over which the federal courts had no jurisdiction.  The vexatious litigant order bars Ms. Remmert "from filing any complaints, pleadings, or other papers without a prefiling order of the court regarding [among other things] Eva's conservatorship, the restraining order barring plaintiff from contacting Eva, or the state court proceedings related to these issues." *Remmert v. Stauffer*, No. 19-cv-05803-HSG, 2019 WL 5963242, at *3 (N.D. Cal. Nov. 13, 2019), appeal dismissed,

1   No.19-17383, ECF No. 19 (9th Cir. July 17, 2020).

2   Mr. Remmert's latest submission seeks to plead civil Racketeer Influenced and Corrupt

3   Organizations Act (RICO), 18 U.S.C. § 1962(d), and 42 U.S.C. § 1983 claims relating to case

4   filings that have been either dismissed or have not been filed based on the vexatious litigant order,

5   and the judges who entered these orders.  *See, e.g.*, *id*. at *1 (dismissing case as barred by

6   vexatious litigant order and listing 16 prior cases or attempted case filings); *Remmert v. Samtrans,*

7   No. 21-cv-2038 VC, Dkt. No. 24 (dismissing federal claims with prejudice and declining to

8   exercise supplemental jurisdiction over state law claims); *Remmert v. Sam Trans*, No. 22-80049

9   SI, Dkt. No. 3 (dismissing claims against SamTrans and two state court judges as barred by the

10   vexatious litigant order); *Remmert v. California*, No. 21-mc-80141 JST, Dkt. No. 2 (dismissing

11   claims against state and county entities and officials as barred by the vexatious litigant order).  Ms.

12   Remmert's current complaint falls squarely within Judge Patel's 2011 vexatious litigant order.

13   The Court concludes that Ms. Remmert should not be allowed to file her new complaint

14   for several reasons.  First, to the extent that Ms. Remmert seeks to challenge state court actions or

15   rulings she cannot do so in this Court; she must instead pursue that relief in the state court system.

16   *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005) (holding that

17   *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-

18   court judgments rendered before the district court proceedings commenced and inviting district

19   court review and rejection of those judgments."); *Dubinka v. Judges of the Superior Court*, 23

20   F.3d 218, 221 (9th Cir. 1994) (holding that the *Rooker-Feldman* doctrine applies even when the

21   challenge to the state court decision involves federal constitutional issues).  Ms. Remmert's claims

22   against Judge Forcum, Judge Jones, Judge Cylina, Judge Kopp, Judge Pfeiffer, Judge Miram,

23   Judge Scoot, Judge Etezadi, Judge Ayoob, Judge Davis III, and Judge Humes all seek to challenge

24   state court actions and are barred by *Rooker-Feldman*.

25   Second, claims against these state court judges and the federal judges are also barred by

26   judicial immunity.  The doctrine of judicial immunity provides a "complete immunity from suit,

27   not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per

28   curiam); *see also Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir.

United States District Court
Northern District of California

2

1987) ("[t]he judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief").  "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc)).  Ms. Remmert's conclusory allegations that the judge defendants acted maliciously or that they abused their discretion does not make her claims viable.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (prohibiting formulaic recitation of elements of cause of action insufficient to raise right to relief above speculative level); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (holding that a judge is not "deprived of immunity because the action he took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (internal quotation marks and citation omitted).

Third, Ms. Remmert's claims against Defendants San Mateo County and SamTrans are barred as a result of Judge Chhabria's dismissal with prejudice of those same claims in Case No. 3:21-cv-2038 VC, Dkt. No. 24.  Ms. Remmert elected not appeal Judge Chhabria's dismissal of those claims and cannot now pursue them in a new case.

Fourth, with respect to Defendants Mark Zuckerberg, Safe Harbor Shelter, District Attorney Stephen Wagstaffe, Deputy Public Guardian Vanessa Osuna, DOE Castellanos, LifeMoves Shelter, and the Federal Transit Administration, the Court cannot discern a plausible basis for relief.  Ms. Remmert pleads a wide-ranging conspiracy by all these unrelated individuals (as well as those discussed above) to "cover-up [] past clandestine war crimes against my family." (Dkt. No. 1 at 3.)  As another court noted when considering Ms. Remmert's conspiracy allegations "[s]eemingly every negative event in Plaintiff's life is the result of this conspiracy." *Remmert v. Karesh*, No. 18-CV-02154-HSG, 2019 WL 1207302, at *3 (N.D. Cal. Mar. 14, 2019).  The Court declines to entertain Ms. Remmert's irrational and implausible claims arising out of and relating to this alleged conspiracy.  *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (noting that judges have authority to dismiss claims describing fantastic or delusional scenarios).

Accordingly, Ms. Remmert's request for a pre-filing order is DENIED and the Clerk shall

United States District Court
Northern District of California

3

not file the complaint. The motion seeking in forma pauperis status is denied as moot.

The Clerk shall close the file.


**IT IS SO ORDERED.**

Dated: May 2, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge